GARY M. RESTAINO
United States Attorney
District of Arizona
TRACY VAN BUSKIRK
Arizona State Bar No. 022097
ALANNA R. KENNEDY
Arizona State Bar No. 034257
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: vinnie.lichvar@usdoj.gov
Email: tracy.van.buskirk@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR23-08043-PCT-DLR |
|---|---|
| Plaintiff, | |
| vs. | **NOTICE REGARDING SELF-AUTHENTICATING BUSINESS RECORDS PURSUANT TO FED. R. EVID. 902(11)** |
| Preston Henry Tolth, | |
| Defendant. | |

The United States hereby gives notice, pursuant to Federal Rules of Evidence 902(11) and 803(6), that it intends to offer into evidence business records and will utilize a certification in lieu of testimony from a custodian witness, when authenticating and introducing such records into evidence at trial.

Fed. R. Evid. 803(6) includes records of an act, event, condition, opinion, or diagnosis: made at or near the time by – or from information transmitted by – a person with knowledge; if kept in the course of a regularly conducted business activity; and if it was the regular practice of that business activity to make the records; all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), unless the opponent of such records demonstrate that the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Business records may be introduced into evidence without a live witness if they are accompanied by a written declaration (original or a copy) from a custodian of the records certifying that the records were made in accordance with the requirements of Rule 803(6). Fed. R. Evid. 902(11). Written notice is required by the party intending to offer such records into evidence, and the party must make the records and declaration/certification available for inspection sufficiently in advance of the offer into evidence to provide a fair opportunity to challenge the records.

In this case, the business records the United States seeks to admit comply with Fed. R. Evid. 803(6) and are accompanied by a written declaration in compliance with Rule 902(11). The records and declaration have been disclosed to the defense. The applicable records are as follows:

**Cellular One: Historical Cellular Telephone Records**

The United States obtained a search warrant for the cellular telephone records for victim E.B.'s telephone. The requested records were received along with a Certification, all of which have been Bates-stamped and disclosed to the defense. The Bates-stamped pages for the Certification and records are set forth below:

1. Certification (Bates page 000438, Attached as Exhibit A).

2. Records (Bates pages 000439-440, 000441 (Excel spreadsheet), and 000442 (Excel spreadsheet)).

RESPECTFULLY SUBMITTED this 12th day of April, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Tracy Van Buskirk*
TRACY VAN BUSKIRK
ALANNA R. KENNEDY
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on the same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: Jane McClellan and James Rael, *Attorneys for Defendant.*