JON M. SANDS
Federal Public Defender
District of Arizona
850 West Adams, Suite 201
Phoenix, Arizona 85007
Telephone: (602) 382-2700

JANE L. McCLELLAN
Arizona State Bar No. 015902
JAMES D. RAEL
Arizona State Bar No. 034405
Asst. Federal Public Defenders
jane_mcclellan@fd.org
james_rael@fd.org
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>       Plaintiff,<br><br>    vs.<br><br>Preston Henry Tolth,<br><br>       Defendant. | CR-23-08043-PCT-DLR<br><br>**DEFENDANT'S OBJECTION TO GOVERNMENT'S NOTICE OF INEXTRICABLY INTERTWINED EVIDENCE (DOC. 49) and MOTION TO PRECLUDE IRRELEVANT AND PREJUDICIAL PROPENSITY EVIDENCE**<br><br>**(Oral Argument Requested)** |

Preston Henry Tolth ("Tolth") objects to the Government's proposed admission of "inextricably intertwined evidence," Government's Notice of Inextricably Intertwined Evidence ("Government's Notice") (Doc. 49), and he respectfully moves this Court for an order precluding this irrelevant and prejudicial propensity evidence at trial. *See* United States Constitution Amendment V, Fed.R.Evid. 404(b), Fed.R.Evid. 401, and Fed.R.Evid. 403. Tolth's objection and motion for an order precluding evidence are more fully supported by the attached memorandum.

It is not expected that excludable delay under Title 18 U.S.C. § 3161(h)(7)(B)(i) and (iv) will result from this motion or from an order based thereon.

## MEMORANDUM

### I. Preliminary Statement

The Government is not seeking to admit evidence within the admissibility framework prescribed by Fed.R.Evid. Rule 404(b). *See* Government's Notice at 2. Instead, the Government seeks to admit speculative, irrelevant, and prejudicial propensity evidence, disguising it as "inextricably intertwined." Evidence of other acts is only admissible as "inextricably intertwined" if (1) the evidence "constitutes a part of the transaction that serves as the basis for the criminal charge" or (2) "when it [is] necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995). Neither is true here.

Because there is no nexus between the proposed evidence and the charged offenses, it has little probative value; moreover, the risk of unfair prejudice is substantial. *See* Fed.R.Evid Rule 401; Fed.R. Evid. 403.

### II. Testimony and Other Evidence About Events Preceding the Charged Offenses and E.B.'s Ongoing Absence is not "Inextricably Intertwined"

In *Vizcarra–Martinez*, the court found that the defendant's personal possession of a small amount of drugs was not inextricably intertwined and not admissible. *See Vizcarra-Martinez at 1012-13*. The defendant's personal use drugs had nothing to do with the hydriodic acid the defendant possessed; it was not part of the transaction for which he was charged, nor would the Government encounter difficulty presenting relevant evidence in support of its case. *See id*.

The Government cites *Lillard* and *DeGeorge* in support of its request to admit "intextricably intertwined" evidence. *Lillard* involved a defendant who stole cocaine from his codefendants, and the court emphasized the importance of the

source of the cocaine, noting that "Lillard stole the cocaine from the very shipment that provided the basis for his involvement in the conspiracy to possess and distribute cocaine." *U.S. v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003).

Another relevant case, *U.S. v. Williams*, 989 F.2d 1061 (9th Cir. 1993), preceded *Lillard*. In *Williams*, a defendant was simultaneously selling two drugs, cocaine and "crank," and the Court found that the contemporaneous sales were inextricably intertwined with the charged offense: sale of cocaine. *Id*. at 1070. The court in *Williams* carved out space for admission of unindicted conduct, wanting to avoid unnecessary "other acts" analysis, but only when there is a single criminal episode. *See id*. at 1070.

The events surrounding E.B.'s assumed death are unclear, and her remains have not been found, notwithstanding an exhaustive search by law enforcement and volunteers. At this time, about a month before trial, Tolth faces two charges, neither of which is a homicide charge, and it is unclear why the Government needs evidence of E.B.'s continuing absence to tell a cogent, clear story. If the jury hears testimony or evidence suggesting Tolth murdered E.B., caused her death, caused her absence, is aware of her manner and/or cause of death, or participated in the disposal of her body, a fair trial will be an impossibility. Similarly, a parade of Government witnesses highlighting E.B.'s ongoing absence will unfairly prejudice and inflame the jury.

The Government Notice does not explain why a jury needs to hear about Tolth's alleged fight with his father and E.B.'s continuing absence to present their theory. The Government merely cites *DeGeorge* and posits, "her disappearance is relevant to establishing elements of both CIR-Assault Resulting in Serious Bodily Injury and Carjacking, and to explain why E.B. is not present to testify." Government's Notice at 4.

…

The specific facts and analysis in *DeGeorge* are instructive here. *DeGeorge* involved a defendant who kept losing expensive boats to "alleged theft" and "alleged sinkings," only to later receive compensation from insurance companies. *U.S. v. DeGeorge*, 380 F.3d 1203, 1207-1208 (9th Cir. 2004). Mr. DeGeorge did this three times, before trying unsuccessfully to sink a fourth boat, "The Principe." *Id*. at 1209. The underlying purchase of that boat, fraudulent attempts to insure it, and Mr. DeGeorge's messy coverup formed the basis for the indicted charges. *Id*. at 1209. The prior three loss incidents did not result in formal charges, but finding they were "inextricably intertwined," "[t]he district court allowed the government to introduce evidence that DeGeorge had previously lost three insured vessels at sea." *Id*. at 1219. The district court "believed the prior loss history was necessary to assist the jury," but only "in understanding why DeGeorge had maneuvered to distance himself from the boat's ownership and also to understand the context of the civil trial in which DeGeorge allegedly perjured himself." *Id*. The district court did not admit additional related evidence, including Mr. DeGeorge's collection of insurance proceeds. *See id.*

The court in *DeGeorge* disagreed with the Government's assertion that the prior "marine losses" fell into the first category of "inextricably intertwined" evidence, finding—based on remoteness in timing and circumstance—it was not the "single criminal episode" scenario envisioned in *Lillard*. *See id*. at 1220. The court found the evidence did fall into the second category of "inextricably intertwined evidence," but only because "[t]he concealment of DeGeorge's prior losses had an important factual connection to the several counts contained in the indictment, including the conspiracy count." *Id*. at 1220. Specifically, "[t]he jury would not

4

have understood the relevance of the transactions and concealment without hearing at least some explanation for why DeGeorge could not obtain insurance in his own name." *Id*. The court even agreed with Mr. DeGeorge "that the prior loss evidence could imply a propensity to defraud insurance companies." *Id*.

The Government's proposed evidence has no factual connection to the charged counts. Evidence of Tolth's conduct *hours before* his alleged assault and carjacking of E.B. is unrelated to the "transaction" underlying the charges he will face at trial. And similarly, evidence of E.B.'s ongoing absence and the fallout associated with her disappearance has nothing to do with the indicted charges.

The Government's proposed evidence has little probative value. Neither E.B.'s unknown whereabouts nor her unavailability as a trial witness make a fact of consequence more or less likely. *See* Fed.R.Evid. 401. This evidence will confuse the jury, waste time, and confuse the issues; and it will result in substantial unfair prejudice to Tolth. *See* Fed.R.Evid. 403. Mere conjecture about what additional, non-indicted crimes Tolth may have committed is substantially more prejudicial than probative. And it will ensure he does not receive the due process to which he is entitled, especially when there is a heightened awareness surrounding the disappearance of Native American women and the disappearance of E.B. specifically.[1]

---

[1] *See* Johnny Diaz, *New Mexico Man Charged in Case of Missing Navajo Nation Woman*, N.Y. Times (April 6, 2023), https://www.nytimes.com/2023/04/06/us/ella-mae-begay-preston-henry-tolth-navajo-nation-indictment.html; *see also* Rachel Monroe, *Is There Hope for the Missing and Murdered Indigenous Women? – Letter from the Southwest*, The New Yorker (February 1, 2024), https://www.newyorker.com/news/letter-from-the-southwest/is-there-hope-for-the-missing-and-murdered-indigenous-women; Susan Montoya Bryan, *Man Charged in Case of Woman Missing from Navajo Nation*, Associated Press (April 5, 2023), https://apnews.com/article/navajo-ella-mae-begay-disappearance-new-mexico-a1a561f90cfad09e2a0a3a1f6bcfce91; Tenzin Shakya, *Searching for Missing Indigenous Women, Tribes and Lawmakers Seek to Raise Awareness*, ABC News (May 8, 2023), https://abcnews.go.com/Politics/searching-missing-indigenous-women-tribes-lawmakers-seek-raise/story?id=99146691; Julia Chan, *Oscar Nominee Lily Gladstone's Mission to End Violence Against Native Women and Girls*, CNN (Mar. 8, 2024),

Recent decisions in this circuit similarly require a nexus between the charged offenses and so-called "inextricably intertwined" conduct the Government seeks to admit. In *Loftis*, the court found that evidence of uncharged fraudulent transactions were admissible as "inextricably intertwined" because that evidence was necessary to prove the first element of the charged offense (i.e., the existence of scheme to defraud). *United States v. Loftis*, 843 F.3d 1173, 1177 (9th Cir. 2016). In that case, the same evidence was admissible under the 404(b) framework. And in *Wells*, notwithstanding the district court's finding that certain other acts evidence was also "inextricably intertwined," the court found that none of the other acts evidence bore "directly" on the charged offense, a workplace double homicide, nor did it possess the requisite "contextual or substantive connection" to be categorized as "inextricably intertwined." *United States v. Wells*, 879 F.3d 900, 928-929 (9th Cir. 2018).

Notably, other circuits prohibit or disfavor use of "inextricably intertwined" doctrine. *See U.S. v. Fuertes*, 805 F.3d 485, 494 n.4 (4th Cir. 2015); *United States v. Gorman*, 613 F.3d 711, 718-19 (7th Cir. 2010) (abandoning the "inextricable intertwinement doctrine" because it "has outlived its usefulness" and "become overused, vague, and quite unhelpful"; "[i]f evidence is not direct evidence of the crime itself, it is usually propensity evidence simply disguised as inextricable intertwinement evidence, and is therefore improper, at least if not admitted under the constraints of Rule 404(b)."); *United States v. Green*, 617 F.3d 233, 248 (3d Cir.2010) ("[T]he inextricably intertwined test is vague, overbroad, and prone to

---

https://www.cnn.com/us/oscar-nominee-lily-gladstones-mission-to-end-violence-against-native-american-women-and-girls/index.html; Gabriel R. Sanchez, A-dae Romero-Briones, and Raymond Foxworth, *Murdered and Missing Native Women is the Top Issue Facing Native American Communities Heading into the 2024 Elections*, Brookings (Feb. 15, 2024), https://www.brookings.edu/articles/murdered-and-missing-women-is-the-top-issue-facing-native-american-communities-heading-into-the-2024-elections/.

6

abuse, and we cannot ignore the danger it poses to the vitality of Rule 404(b)."); *U.S. v. Bowie*, 232 F.3d 923, 927 (D.C. Cir. 2000) ("[I]t is hard to see what function this [intrinsic/extrinsic] interpretation of Rule 404(b) performs."); *see also United States v. Irving*, 665 F.3d 1184, 1215 (10th Cir. 2011) (Hartz, J., concurring) (stating that "the intrinsic/extrinsic dichotomy serves no useful function and consumes unnecessary attorney and judicial time and effort," and that "the distinction between intrinsic and extrinsic evidence is unclear and confusing, and can lead to substituting conclusions for analysis").

### III. Conclusion

Tolth objects to the Government's proposed "intextricably intertwined" evidence. This evidence falls squarely within the admissibility framework prescribed by Fed.R.Evid. 404(b). This evidence is unfairly prejudicial and has no nexus to the charged offenses. If this evidence is admitted, a fair trial will be an impossibility.

Respectfully submitted:   April 15, 2024.

JON M. SANDS
Federal Public Defender

 *s/ James D. Rael*
JAMES D. RAEL
Asst. Federal Public Defender