JON M. SANDS
Federal Public Defender
District of Arizona
250 N. 7th Avenue, Suite 600
Phoenix, Arizona 85007
Telephone: 602-382-2700

JAMES D. RAEL #033405
james_rael@fd.org
JANE L. McCLELLAN #015902
jane_mcclellan@fd.org
Assistant Federal Public Defenders
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-23-08043-PCT-DLR |
|---|---|
| Plaintiff, | **MOTION FOR RELEASE FROM CUSTODY PENDING APPEAL** |
| vs. | (Second Request) |
| Preston Henry Tolth, | **(Oral Argument Requested)** |
| Defendant. | |

Defendant Preston Henry Tolth moves this Court again for release from custody pending appeal. *See* 18 U.S.C. 3143(c). Mr. Tolth further moves the Court for an order requiring the United States Pretrial Services Office to screen him for placement at Crossroads. There are conditions to reasonably assure Mr. Tolth's appearance at future proceedings and to protect the community. The Government, by Assistant United States Attorney Tracy Van Buskirk, objects.

**I.     Background**

On March 14, 2023, Mr. Tolth was indicted on one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153; and one count of carjacking, in violation of 18 U.S.C. § 2119(2). (Dkt. 3). Mr. Tolth was arrested on these charges on April 3, 2023, and he was detained as both a flight risk

and a danger. (Dkt. 10). On April 30, 2024, the Government superseded with charges of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153; and robbery, in violation of 18 U.S.C. §§ 2111 and 1153. (Dkt. 80). The carjacking count was dropped. Prior to the trial date, Defendant filed a motion to suppress statements that he made to law enforcement. (Dkt. 46). The Court granted the motion on May 6, 2024. The Court stayed trial proceedings while the Government appealed the grant of the motion to suppress. (Dkt. 104). Defendant filed a Motion for Release Pending the Government's Appeal of the May 6, 2024, Suppression Order (Dkt. 107). This Court denied the motion for release on July 17, 2024. (Dkt. 114).

On August 19, 2025, the Ninth Circuit issued its Memorandum decision on the Government's appeal of the suppression order. *See* Exhibit A: Memorandum Decision in *United States v. Preston Henry Tolth*, Ninth Circuit Court of Appeals, No. 24-2900, filed August 19, 2025. The Ninth Circuit affirmed the district court's order in a divided panel (Circuit Judge Bennett dissenting). The Government filed a Motion for Extension of Time to File Petition for Panel Rehearing and Suggestion for Rehearing En Banc (Ninth Circuit Dkt. 39 in Case No. 24-2900), and the Ninth Circuit granted the request on August 28, 2025. The Government's Petition is now due on or before November 3, 2025. Mr. Tolth has been in continuous federal custody since April 3, 2023—approximately 29 months as of this date.

**II.   Mr. Tolth Should Be Released Pending the Conclusion of Appeal Proceedings That Could Take Several More Months**

The Bail Reform Act of 1984 "*requires* the release of a person facing trial under the *least restrictive* condition or combination of conditions that will *reasonably assure* the appearance of the person as required and the safety of the community." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991)

(emphasis added). Mr. Tolth *must* be released unless the Court finds that absolutely "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of . . . the community." *See* 18 U.S.C. § 3142(e). "*Only in rare circumstances should release be denied*, and doubts regarding the propriety of release should be resolved in favor of the defendant." *United States v. Santos-Flores*, 749 F.3d 1088, 1090 (9th Cir. 2015) (emphasis added).

Pretrial detention is the exception, not the rule: "A person arrested for a noncapital offense shall be admitted of bail. Only in rare circumstances should release be denied. Doubts regarding the propriety of the release should be resolved in favor of the defendant." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1991). Indeed, Congress intended that pretrial detention only apply to a "small but identifiable group of particularly dangerous defendants." S. Rep. No. 225, 98th Cong., 1st Sess. 6–7, reprinted. As the Supreme Court explained, "[i]n our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

When the government takes an interlocutory appeal as authorized by 18 U.S.C. § 3731, the same standards that govern the initial release or detention decision govern the decision to release the defendant from custody while the government's appeal proceeds: "The judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title . . . ." 18 U.S.C. § 3143. When deciding this motion, the Court must start the detention inquiry anew. *See United States v. Shareef,* 907 F.Supp. 1481, 1483 (D. Kan. 1995).

As Defendant noted in his first Motion for Release Pending Appeal, at some point, pretrial "detention in a particular case might become excessively prolonged, and therefore punitive, in relation to" the Bail Reform Act's "regulatory goal" of

mitigating the danger to the community posed by releasing certain criminal defendants. *United States v. Salerno,* 481 U.S. 739, 747 n.4. (1987). When considering whether pretrial detention is excessively prolonged, in violation of due process, this Court should consider the following: "(1) the length of the defendant's pretrial detention; (2) the prosecution's contribution to the delay; and (3) the evidence supporting detention under the Bail Reform Act." *United States v. Torres,* 995 F.3d 695, 708 (9th Cir. 2021).

When this Court denied Defendant's first motion for release pending appeal, he had been in federal custody approximately 15 months. It is now 14 months later. Mr. Tolth has been in custody for more than two years, and it is likely that the appeal will not be final for several more months. At this time, it appears likely that this Court's decision to suppress Defendant's statement will be affirmed. A very small percentage of cases are granted rehearing in the Ninth Circuit. *See* Complex Appellate Litigation Group website at: www.calg.com/inside-the-ninth-circuits-en-banc-process/ (citing that in 2024 there were 625 petitions for rehearing filed and only nine cases were granted rehearing).

Mr. Tolth has been in custody at CoreCivic for a significant amount of time. This Court had concerns about his history of substance abuse. Mr. Tolth has achieved a significant period of sobriety that makes it more likely that he will be amenable to further substance abuse treatment at a facility like Crossroads. Defendant also understands the concerns that this Court had regarding his criminal history, lack of stable employment or residence, and history of non-compliance with court orders. However, Mr. Tolth, as noted, has been in custody a significant period of time, which has given him that needed period of stability and sobriety. He has reconnected with family members and looks forward to a future out of custody. There are few resources available left for him to take advantage of at CoreCivic.

4

Defendant submits that the extended length of time of his pretrial detention is excessive. The Government is solely responsible for this delay. Mr. Tolth has not been found guilty of any offense nor has he had the opportunity to defend himself at trial. At this juncture, it appears likely that the Government's appeal will fail, but it is also likely that it will take several more months for this case to be completed in the Ninth Circuit Court of Appeals. Further, the Government could petition for certiorari to the United States Supreme Court, which would further delay proceedings. And it is extremely unlikely that the United States Supreme Court would accept this case for review. *See* Cornell Law School website at: www.cornell.edu/wex/writ_of_certiorari (approximately one to two percent of cases submitted each year are accepted for review by the United States Supreme Court).

### III. Conclusion

Mr. Tolth is facing serious charges, but there is no mandatory minimum sentence prescribed by law, and the alleged facts underlying the Superseding Indictment have not yet been proven to a jury. There are release conditions to reasonably assure Mr. Tolth's appearance and the safety of the community. For all of the reasons stated above, Defendant submits that he should be screened for possible placement at Crossroads and considered for release.

Respectfully submitted:  September 3, 2025.

JON M. SANDS
Federal Public Defender

/s/Jane L. McClellan
JANE L. McCLELLAN
Assistant Federal Public Defender