TIMOTHY COURCHAINE
United States Attorney
District of Arizona
TRACY VAN BUSKIRK
Arizona State Bar No. 022097
ALANNA R. KENNEDY
Arizona State Bar No. 034257
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Ste. 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Tracy.Van.Buskirk@usdoj.gov
Email: Alanna.Kennedy@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-23-08043-PCT-DLR |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE** |
| Preston Henry Tolth, | |
| Defendant. | |

Defendant Preston Henry Tolth is before the Court to be sentenced for a violation of 18 U.S.C. §§ 1153 and 2111, Robbery. Defendant pled guilty and as part of a negotiated plea agreement, accepted a sentence of time served, which amounts to three years' imprisonment. Although the PSR recommends a slightly higher sentence based on the Sentencing Guidelines range, the United States respectfully requests the Court accept the plea agreement and sentence Defendant to a term of time served followed by three years' supervised release, which is a reasonable sentence under the specific circumstances of this case.

## DISCUSSION

The advisory Sentencing Guidelines range is accurately calculated in the PSR as 41-51 months' imprisonment (Total Offense Level of 21 and Criminal History Category II).

(PSR at 27.)  The nature and circumstances of the offense are accurately set forth in the PSR (at ¶¶ 5-25) and the Court is intimately familiar with the facts as a result of pretrial motions and hearings.  Therefore, the government will not reiterate all of the facts here. Suffice it to say, Defendant committed a very serious crime that caused irreparable damage and ongoing pain to the victim's family.

The PSR writer has recommended this Court reject the parties' plea agreement in order to add five months to Defendant's sentence of imprisonment.  It does not appear, however, that the PSR writer took into consideration that Defendant's statements to FBI were suppressed, thus weakening the government's case for trial.  Further, there is no way to calculate the emotional toll the criminal justice process has taken on the victim's family when, on the eve of trial, the case transitioned to the interlocutory appeal process that ultimately ended unsuccessfully for the government.  All the while, the victims' beloved mother/aunt/sister remains missing.  This plea agreement provides the certainty and finality of a conviction and waiver of appeal.

Additionally, as noted by the defense, there are certain mitigating factors that support a downward variance, including: (1) Defendant's acceptance of responsibility, (2) Defendant's difficult/abusive childhood and frequent homelessness, and (3) the crime appeared to be a spur-of-the moment decision, not something Defendant planned.

To be clear, in recommending a below-guidelines custodial sentence, the government does not seek to understate the seriousness of the offense.  In different circumstances, the government's recommendation may be different.  But it would not be in the interests of justice to proceed to trial when Defendant is willing to accept responsibility and a meaningful sentence can be obtained by plea.

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests the Court accept the parties' plea agreement and impose a sentence of time served, which will achieve the statutory purposes of sentencing in this case.

Respectfully submitted this 6th day of April, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*/s Tracy Van Buskirk*
TRACY VAN BUSKIRK
ALANNA KENNEDY
Assistant U.S. Attorneys

.

**CERTIFICATE OF SERVICE**

I hereby certify that I will electronically transmit the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants: Jane McClellan and James Rael, *Attorneys for Defendant.*